CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

2017 SEP 29  PM 3: 32

DEPUTY CLERK _____

| | | |
|---|---|---|
| JOHNIE RAY THOMAS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 2:17-CV-133 |
| | § | |
| POTTER COUNTY, ET AL., | § | |
| | § | |
| Defendants. | § | |

**REPORT AND RECOMMENDATION TO GRANT
DEFENDANTS' AMENDED RULE 12(b)(6) MOTION TO DISMISS**

Came for consideration the above-entitled motion filed August 28, 2017 by defendants

TERRY EASTERLING, LADONNA REINING, and DEBBIE GAINES, employees of the Potter

County Community Supervision and Corrections Department.  By their Motion to Dismiss, defendants

argue plaintiff did not file suit within the two year statute of limitations and, therefore, the complaint

does not plead a cause of action upon which relief can be granted.

I.
BACKGROUND

On March 21, 2002, a state trial court in Randall County, Texas placed plaintiff on five (5)

years deferred adjudication community supervision for the offense of credit card abuse and ordered

plaintiff to pay a considerable sum in restitution.  *State v. Thompson*, No. 13,408-C.  On April 1,

2005, plaintiff was placed on seven (7) years deferred adjudication community supervision for the

offense of sexual assault of a minor.  *State v. Thomas*, No. 15,556-C.  In May 2011, the State moved

to proceed to adjudication in both cause numbers alleging plaintiff had failed to pay supervision fees and restitution in Cause No. 13,408-C, and had failed to pay various fees or successfully complete a sex offender treatment program in Cause No. 15,556-C.  On October 10, 2011, the state trial court found the allegations in Cause No. 13,408-C to be true, adjudicated plaintiff guilty, sentenced plaintiff to two years in a state jail facility to be probated for five years, and ordered restitution be paid.  In Cause No. 15,556-C, the state trial court found the allegations of non-payment to be true, but found the allegation relating to completion of a sex offender treatment program to be not true.  The trial court sentenced plaintiff to twelve years in prison, and ordered a five-year probation period to begin at the end of plaintiff's 12-year prison term.

Plaintiff appealed both cases.  On August 22, 2012, the Court of Appeals for the Seventh District of Texas affirmed the trial court's order adjudicating plaintiff guilty of credit card abuse in Cause No. 13,408-C.  *Thomas v. State*, 379 S.W.3d 436 (Tex.App.–Amarillo 2012, no pet.).

In appealing the trial court's order adjudicating him guilty of the offense of sexual assault of a minor in Cause No. 15,556-C, plaintiff argued the evidence was insufficient to support the trial court's order because the State failed to prove he had the ability to pay the fees he allegedly failed to pay.  On Mach 16, 2016, the state appellate court held the State was required to show plaintiff had the ability to pay the fees as ordered in Cause No. 15,556-C but failed to do so.  The appellate court concluded the trial court abused its discretion by adjudicating plaintiff guilty on the State's application alleging he violated the terms of his community supervision for failing to pay ordered fees.  Having sustained plaintiff's challenge to the sufficiency of the evidence to support the trial court's order adjudicating him guilty of sexual assault of a minor, the appellate court reversed the order adjudicating plaintiff guilty and rendered judgment that the application to adjudicate be denied.  *Thomas v. State*, No. 07-14-00334-CR (March 16, 2016).

CIVIL\R&R\THOMAS-133.12(B)(6)-GRT:2

On July 27, 2017, petitioner filed a suit against defendants under 42 U.S.C. § 1983 alleging various violations of his Fourth and Fourteenth Amendment rights.

## II.
## STANDARD OF REVIEW

Rule 12(b)(6) provides for dismissal of an action for failure to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6). If the complaint lacks a required element which is a prerequisite to obtaining relief, dismissal is proper. *Clark v. Amoco Prods. Co.*, 794 F.2d 967, 970 (5th Cir. 1986). In reviewing a motion for 12(b)(6) dismissal, the Court must consider all of plaintiff's well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Johnson v. Johnson*, 385 F.3d 503, 529 (5th Cir. 2004) (citing *Great Plains Trust Co. v. Morgan, Stanley, Dean, Witter, & Co.*, 313 F3d 305, 312 (5th Cir. 2002). All reasonable inferences must be drawn in favor of the plaintiff's claims. *Lowrey v. Texas A&M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997).

In considering a 12(b)(6) motion to dismiss, it is permissible for a court to rely on the complaint, its proper attachments, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice, such as matters of public record. *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757 763 (5th Cir. 2011). The Court may also consider any documents a defendant attaches to a motion to dismiss if they are referred to in the plaintiff's complaint and are central to the plaintiff's claims. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000). Doing so does not convert a motion under Rule 12(b)(6) into one for summary judgment. *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994) (citing *Louisiana ex rel. Guste v. United States*, 656 F.Supp. 1310, 1314 n. 6 (W.D.La.1986), *aff'd*, 832 F.2d 935 (5th Cir. 1987), *cert. denied*, 485 U.S. 1033, 108 S.Ct. 1592, 99 L.Ed.2d 907 (1988)).

III.

LIMITATIONS

There is no federal statute of limitations for civil rights actions; therefore, the two-year Texas general personal injury limitations period is applied. *Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993). Federal law governs when a cause of action arises. *Burrell v. Newsome*, 883 F.2d 416, 418 (5th Cir. 1989). Under federal law, a cause of action arises " 'when the plaintiff knows or has reason to know of the injury which is the basis of the action.' " *Id.* (quoting *Lavellee v. Listi*, 611 F.2d 1129, 1131 (5th Cir. 1980). Further, where state statutes of limitation are borrowed, state tolling principles are the "primary guide" of the federal court, and may be disregarded only where the state tolling rule is inconsistent with federal policy. *Slack v. Carpenter*, 7 F.3d 418, 420 (5th Cir. 1993) (citing *F.D.I.C. v. Dawson*, 4 F.3d 1303 (5th Cir. 1993).

Defendants argue plaintiff's cause of action accrued, at the latest, in March 2005, when plaintiff had reason to know of his injury, *i.e.*, when the money he was paying in Cause No. 15,556-C was misapplied to create artificial deficiencies in that case. If defendants are correct, then this lawsuit, filed July 27, 2017, was initiated beyond the two year limitations period which would have expired in March 2007. Plaintiff responds that his claims against these defendants, which challenge the validity of his revocation and conviction in Cause No. 15,556-C, fell under the rule announced in *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 2372, 129 L.Ed.2d 383 (1994) and thus did not accrue until his conviction was set aside on March 16, 2016. Plaintiff specifically argues that because any claims against these defendants would have undermined his conviction in Cause No. 15,566-C, he could not have brought suit until the underlying conviction was overturned.

In *Wallace v. Kato*, 549 U.S. 384, 127 S.Ct. 1091, 166 L.Ed.2d 973 (2007), the Supreme

Court held that "[f]alse arrest and false imprisonment overlap; the former is a species of the latter" and referred to the two torts together as false imprisonment. *Id.* at 1095. The *Kato* court reasoned that false imprisonment consists of detention without legal process and ends once the victim becomes held pursuant to legal process, as when he is bound over by a magistrate or arraigned on charges. Therefore, the *Kato* court concluded limitations began to run when the plaintiff appeared before an examining magistrate and was bound over for trial. The Supreme Court further noted that a timely false-arrest claim, filed prior to conviction (or other claim related to pre-conviction rulings), would be subject to being stayed until the criminal case or the likelihood of a criminal case is ended. *Kato*, 549 U.S. at 394, 127 S.Ct. at 1098 (citing *Heck*, 512 U.S. at 487-488, n.8; *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 730, 116 S.Ct. 1712, 135 L.Ed.2d 1 (1996).

The *Kato* court ruled that, where arrest is followed by criminal proceedings, the statute of limitations on a section 1983 claim seeking damages for false arrest and imprisonment in violation of the Fourth Amendment begins to run at the time the plaintiff becomes detained pursuant to legal process, and not the time when the criminal conviction is overturned or set aside. *Wallace v. Kato*, 549 U.S. at 397, 127 S.Ct. at 1100.

Assuming *arguendo* that plaintiff's claims that the challenged practices of the defendants violated his constitutional rights rather than simply being state law negligence claims, the Court finds *Kato* is applicable. Applying *Kato* to this case, plaintiff's claims accrued when he had reason to know of his injury, specifically, when he became aware or should have become aware that payments he was making in Cause No. 15,556-C were being applied toward restitution in Cause No. 13,408-C, creating a delinquency in Cause No. 15,556-C. Therefore, plaintiff's claims, at the latest, accrued in March 2005, and limitations began to run as of that date. Using that date as the beginning date, limitations

ran in March 2007. Plaintiff did not timely file suit. Further, *Heck* has no application. Had plaintiff timely brought his cause of action for erroneous accounting, it would not have called his 2005 conviction into question since he had not yet been adjudicated guilty.

The Court has considered the parties' arguments on this issue, and has reviewed the pleadings, and the authorities cited therein, submitted by the parties. The Court is of the opinion the position of the defendants is the correct application of the law to the facts and circumstances herein. Therefore, for the reasons and authorities set forth in defendants' Amended Rule 12(b)(6) Motion, the Brief in support, and the post-telephonic hearing Advisory & Memorandum, plaintiff's claims against defendants EASTERLING, REINING and GAINES should be dismissed as time-barred.

IV.
RECOMMENDATION

For the reasons set forth above, it is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the Amended Rule 12(b)(6) Motion to Dismiss filed by defendants EASTERLING, REINING and GAINES be GRANTED.

ENTERED this _____29th_____ day of September 2017.

CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

**\* NOTICE OF RIGHT TO OBJECT \***

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the**

**fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A part's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).