IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| JOHNIE RAY THOMAS, | § | |
| Plaintiff, | § § § | |
| v. | § § | 2:17-CV-133 |
| POTTER COUNTY, ET AL., | § § | |
| Defendants. | § | |

## ORDER OVERRULING OBJECTIONS, ADOPTING REPORT AND RECOMMENDATION, and GRANTING AMENDED RULE 12(b)(6) MOTION TO DISMISS

Plaintiff JOHNIE RAY THOMAS has initiated a proceeding pursuant to 42 U.S.C. § 1983 alleging violations of his Constitutional rights "at the hands of the Defendants." Plaintiff has sued defendants TERRY EASTERLING, LADONNA REINING, and DEBBIE GAINES, employees of the Community Supervision and Corrections Department for Potter, Randall and Armstrong Counties, in their individual capacities only. In his First Amended Complaint, plaintiff asserts these defendants "created, formulated, and/or implemented supervisory and accounting practices" which resulted in:

1. Plaintiff being denied Equal Protection under the Fourteenth Amendment, *i.e.*, that defendants "disparately treated defendants who owed restitution" and that plaintiff "was treated differently than defendants who did not owe restitution."

2. Plaintiff being denied Procedural Due Process under the Fourteenth Amendment, *i.e.*, that defendants "violated [plaintiff's] Procedural Due Process rights by creating artificial payment deficiencies and invalid legal burdens," that defendant's payment policies were "procedurally unfair," and that such policies ultimately resulted in the revocation of plaintiff's probation and loss of freedom.

3. Plaintiff being denied Substantive Due Process under the Fourteenth Amendment, *i.e.*, that defendants' policies directly caused the revocation of

> plaintiff's probations, convictions, and sentences in his two state criminal cases.

4. Plaintiff was subjected to an unreasonable seizure under the Fourth Amendment, *i.e.*, that defendants' policies "wrongfully caused [plaintiff] to have his Supervision revoked," resulting in the seizure of plaintiff's person.

Plaintiff further alleges defendants EASTERLING and REINING, "as policymakers for Potter County, Texas and as "supervisory officials,"

5. Failed to properly supervise their staff and employees and allowed them to implement harmful accounting and supervisory policies.

6. Failed to properly train their staff and employees "to refrain from using supervisory or accounting practices which created harmful legal burdens for criminal defendants on Community supervision, including [plaintiff]."

On August 28, 2017, defendants EASTERLING, REINING and GAINES filed an Amended Rule 12(b)(6) Motion to Dismiss seeking to dismiss all claims against them as time barred. Defendants specifically argued that as plaintiff did not file suit within the two-year limitation period after his claims accrued, the complaint did not plead a cause of action upon which relief could be granted. On September 29, 2017, the United States Magistrate Judge entered a Report and Recommendation to grant the motion to dismiss. On October 12, 2017, petitioner filed objections to the recommendation.

The undersigned United States District Judge has reviewed the Report and Recommendation of the United States Magistrate Judge, as well as plaintiff's objections, and has made an independent examination of the record in this case. The undersigned District Judge is of the opinion the Magistrate Judge's recommendation should be, and hereby is, ADOPTED with the following clarifications:

Plaintiff's claims against these particular defendants are set out in full above. Plaintiff's claims against <u>these</u> defendants do not challenge the validity of his probation revocation and

underlying conviction in Cause No. 15,556-C, nor do his claims allege false arrest or false imprisonment. Instead, petitioner's claims, construed liberally, challenge the development, adoption, imposition, and application of various policies of the Community Supervision and Corrections Department by its employees, as well as the failure to properly train or supervise other employees with regard to these policies.

The Court finds plaintiff's cause of action accrued when plaintiff had reason to know of his injury, *i.e.*, when plaintiff knew or should have known through the exercise of due diligence, that the money he was paying in Cause No. 15,556-C was being misapplied to create artificial deficiencies in that case, and had a complete and present cause of action, that is, when plaintiff could have filed suit and obtained relief. That the full scope of his injury was not known at that time does not alter the date his cause of action accrued. *Cf. Smith v. Campbell*, 782 F.3d 93, 100-02 (2nd Cir. 2015) (construing *Wallace v. Kato*, 549 U.S. 384 (2007)).

Here, plaintiff's cause of action accrued, at the latest, on May 3, 2011, when the State moved to proceed to adjudication in Cause No. 15, 556-C for failure to pay various fees in that case. Plaintiff was aware of the effects of the alleged unconstitutional policies as of that date and should have asserted his claims in a proceeding within two years of May 3, 2011.

Further, *Heck v. Humphrey* 512 U.S. 477 (1994) did not delay accrual of plaintiff's claims until his conviction was set aside on March 16, 2016. "*Heck* only comes into play potentially to delay accrual of an action when a resolution of that action in a plaintiff's favor could not be reconciled with an extant criminal conviction" and "does not delay the accrual of 'an action which would impugn an anticipated future conviction.'" *Smith*, 781 F.3d at 100-02. Any claims timely asserted against these defendants could not have undermined a conviction not yet in existence. Moreover, *Heck* did not toll the statute of limitation in this case because plaintiff's conviction did

not occur until after the accrual of the section 1983 action.

Applying *Wallace v. Kato* to this case, plaintiff's claims accrued when he had reason to know of his injury, specifically, when he became aware or should have become aware that payments he was making in Cause No. 15,556-C were being applied toward restitution in Cause No. 13,408-C, creating a delinquency in Cause No. 15,556-C. As plaintiff did not timely file suit, his claims against defendants EASTERLING, REINING and GAINES are now time-barred. The Amended Rule 12(b)(6) Motion to Dismiss filed by defendants EASTERLING, REINING and GAINES is GRANTED, and the claims against those defendants are DISMISSED.

IT IS SO ORDERED.

Signed this 7th day of November, 2017.

_____
MARY LOU ROBINSON
SENIOR UNITED STATES DISTRICT JUDGE