# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# AMARILLO DIVISION

| | | |
|---|---|---|
| JOHNIE RAY THOMAS. | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | NO. 2:17-cv-00133-J |
| | § | |
| POTTER COUNTY, et al., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court are *Defendant Potter County, Texas's Motion to Dismiss*, filed on October 16, 2017, and the Plaintiff's response, filed on October 23, 2017. For the following reasons, Defendant's Motion is GRANTED.

On July 27, 2017, Plaintiff filed this suit against Defendants Potter County, Terry Easterling, LaDonna Reining, Debbie Gaines, Desi Ware, Ruben Hurt, and Robert Thompson under 42 U.S.C § 1983 alleging various violations of his Fourth and Fourteenth Amendment rights. Defendants Desi Ware, Ruben Hurt, and Robert Thompson were severed for improper venue. Claims against Defendants Terry Easterling, LaDonna Reining, and Debbie Gaines were dismissed on the grounds of expiration of statute of limitations. A final judgment in their favor was entered. This Order addresses claims asserted against Defendant Potter County, who does not raise the affirmative defense of statute of limitations in their 12(b)(6) motion, but instead correctly asserts that Potter County cannot be held vicariously liable for the actions of the Potter County Community Supervision and Corrections Department (CSCD).

Rule 12(b)(6) provides for dismissal of an action for failure to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6). If the complaint lacks a required element which is a prerequisite to obtaining relief, dismissal is proper. *Clark v. Amoco Prods. Co.*, 794 F.2d 967, 970 (5th Cir. 1986). In reviewing a motion for 12(b)(6) dismissal, the Court must consider all of plaintiff's well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Johnson v. Johnson*, 385 F.3d 503, 529 (5th Cir. 2004) (citing *Great Plaints Trust Co. v. Morgan, Stanley, Dean, Witter, & Co.*, 313 F.3d 305, 312 (5th Cir. 2002)).

Whether a defendant is acting on behalf of the state or the local government is determined by state law and by an analysis of the duties alleged to have caused the constitutional violation. *Esteves v. Brock*, 106 F.3d 674, 677 (5th Cir.), *cert. denied*, 522 U.S. 828 (1997). Regarding the CSCD and its characterization as either a state or county entity, it is established law in the Fifth Circuit that correctional departments, such as the Potter County CSCD, are an arm of the state. *See Clark v. Tarrant County, Tex.*, 798 F.2d 736 (5th Cir. 1986). At the time relevant to Plaintiff's claims against Potter County and the officers employed by the CSCD, community supervision was governed by article 42.12 of the Texas Code of Criminal Procedure. Under former article 42.12, authority to set the conditions of community supervision was, and still is, vested in state trial judges. Tex. Code Crim. Proc. Ann. Art. 42.12, § 11(a), (b) (West Supp. 2016). The Fifth Circuit in *Clark* noted that probation departments are controlled by state district judges who are, "undeniably elected state officials." *Clark* at 744. The *Clark* court, interpreting former article 42.12, further noted that, "the coincidence of county lines and judicial districts is not required. The statute was enacted to address a statewide problem and to put control of probationers in the hands of state officers." *Id.* at 745. The Court also noted in *Clark* that the Texas Attorney General has interpreted former article 42.12, "as intending to give

control of probation departments to state judicial districts. *Id.* at 744.

Regarding vicarious liability, allowing local governments to be liable for a state judge's judicial acts "would subvert the message of *Monell* that municipalities cannot be vicariously liable under § 1983." *Carbalan v. Vaughn*, 760 F.2d 662, 665 (5th Cir.), *cert. denied*, 474 U.S. 1007 (1985); *see Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978). The holding in *Carbalan* was recently reiterated in *Davidson v. City of Stafford, Texas* where the Fifth Circuit held that local governmental entities cannot be found liable under section 1983 for the acts of state agents on a theory of vicarious liability or *respondeat superior*. *Davidson v. City of Stafford, Texas*, 848 F.3d 384, 395 (5th Cir. 2017). In *Stem v. Ahearn*, the Fifth Circuit stated that, "Harris County, like all instruments of county government, cannot be held vicariously liable for the actions of state agencies." *Stem v. Ahearn*, 908 F.2d 1, 3 (5th Cir. 1990). The Fifth Circuit has consistently ruled that local governments are not vicariously liable for the actions of state agencies. This Court adheres to that precedent in ruling that Potter County is not liable for the actions of the Potter County CSCD.

While Potter County is a named defendant, Plaintiff's claims focus exclusively on the officers of the CSCD and their actions taken in the course of their employment. In the present case, Plaintiff attempts to hold Potter County liable for actions taken by CSCD officers. It is well established in the Fifth Circuit that County Community Supervision and Corrections Departments, such as the Potter County CSCD, are an arm of the state, and thus the county cannot be held vicariously liable for the actions of a state agency.

By suing Potter County, and attempting to hold Potter County liable for the actions of the CSCD, Plaintiff has failed to state a claim upon which relief can be granted. For the above reasons, Potter County's Motion to Dismiss is GRANTED.

IT IS SO ORDERED.

SIGNED this the **20th** day of November, 2017.

s/ Mary Lou Robinson
**MARY LOU ROBINSON**
**SENIOR UNITED STATES DISTRICT JUDGE**